U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

'08 AUG 26 P12 :40

JON W. SANFILIPPO
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDY PURIFOY, Petitioner,
Full Name *(under which you were convicted)*

100283
Prisoner Number

SAND RIDGE SECURE TREATMENT CENTER
Place of Confinement

vs.

STEVE WATTERS, DIRECTOR, Respondent.
Authorized Person Having Custody of Petitioner

Docket No. 08-C-0722 *(to be supplied by Clerk)*

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

**Caution:** THIS IS NOT THE FORM TO BE USED IF YOU ARE CHALLENGING A FEDERAL CONVICTION OR SENTENCE OR IF YOU ARE A PRETRIAL DETAINEE CHALLENGING YOUR PRECONVICTION CUSTODY, A FEDERAL PRISONER CHALLENGING THE EXECUTION OF YOUR SENTENCE, OR AN ACTION TAKEN BY THE BUREAU OF PRISONS.

## I. SUBJECT OF THIS PETITION

A. Name and location of the state court that entered the judgment of conviction which you are challenging

Milwaukee County Circuit Court Branch 29

B. Criminal docket or case number 02-CI-000001

C. Date of the judgment of conviction March 19, 2004

D. Date of sentencing April 18, 2004

E. Length of sentence Life

F. In this case, were you convicted on more than one count or of more than one crime?

☒ Yes ☐ No

G. Identify all crimes of which you were convicted and sentenced in this case

**count one: rape sec. 944.01(1)**

count two: murder - second degree sec. 940.02

an additional 12 read-ins

H. What was your plea? *(Check one)*

☒ Not guilty ☒ Guilty ☐ Insanity plea ☐ Nolo contendere *(no contest)*

If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

In 1976, I plead guilty to all charges as part of plea bargain. In 2002, I admitted I had been convicted of a sexually violent offense, denied I had a mental disorder, and denied I was dangerous to others.

I. If you went to trial, what kind of trial did you have? *(Check one)*

☐ Jury ☒ Judge only

SUBJECT OF THIS PETITION - *continued*

J. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☒ No

If yes, state the type(s) of hearing or proceeding ______

II. DIRECT STATE APPEAL OF CONVICTION

A. Did you appeal from the judgment of conviction?

☐ Yes ☒ No

If yes, attach the decision(s) that resolved your appeal and answer the following questions:

1. Date of filing appeal July 12, 2004

2. Grounds raised Jurisdiction of the Court; Compatency of the Court; Timeliness of Petition; Sufficiency of the Evidence; Constitutionality of 980

3. Result Judgement Affirmed

4. Date July 3, 2007

B. Did you seek further review by the highest state court?

☒ Yes ☐ No

If yes, attach the decision(s) that resolved your petition for review and answer the following questions:

1. Date of filing of petition for review August 2, 2007

2. Grounds raised I did not receive a copy of the Petition filed by the apellate attorney but on information and belief the grounds were the same as on direct state appeal listed above.

3. Result Denied

4. Date September 13, 2007

DIRECT STATE APPEAL OF CONVICTION - *continued*

C. Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes ☒ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari ______

2. Grounds raised ______

3. Result ______

4. Date ______

III. STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

A. Other than the appeals listed above in Section II, have you previously filed any other state petitions, applications, or motions concerning **this** state judgment of conviction?

☒ Yes ☐ No

If yes, attach the decision(s) that resolved your application for state post-conviction relief and answer the following questions:

1. Name of court Wisconsin Court of Appeals District 1

2. Docket or case number 02-2213-LV

3. Date of filing July, 12, 2002

4. Type of petition, application, or motion filed Leave To Appeal Non-Final Order

5. Grounds raised Timeliness of Petition

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

7. Result Denied

8. Date ____October 2, 2002____

9. Did you appeal to the highest state court having jurisdiction over the action taken on your first state petition, application, or motion?

   ☒ Yes ☐ No

B. If you filed a second petition, application, or motion, attach the decision and answer the following questions:

1. Name of court __________

2. Docket or case number __________

3. Date of filing __________

4. Type of petition, application, or motion filed __________

5. Grounds raised __________

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes ☐ No

7. Result __________

8. Date __________

9. Did you appeal to the highest state court having jurisdiction over the action taken on your second state petition, application, or motion?

   ☐ Yes ☐ No

C. If you filed a third petition, application, or motion, attach the decision and answer the following questions:

1. Name of court __________

2. Docket or case number __________

3. Date of filing __________

## STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- *continued*

4. Type of petition, application or motion filed ______________________

5. Grounds raised ______________________

______________________

______________________

______________________

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes ☐ No

7. Result ______________________

8. Date ______________________

9. Did you appeal to the highest state court having jurisdiction over the action taken on your third state petition, application, or motion?

   ☐ Yes ☐ No

## IV. GROUNDS FOR RELIEF

For this petition, state **every** ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION**: To proceed in the federal court, you must ordinarily first exhaust (*use up*) your available state-court remedies on each ground on which you request action by the federal court.

Ground One: Agents of the State intentionally held me beyond my mandatory release date thereby forcing me into a legal situation that allowed the State to file a 980 petition outside the mandatory time limit.

Supporting **FACTS** *(Briefly summarize the facts without citing cases or law.)*

My mandatory relese date was incorrectly calculated as being 10-22-02. After my proper petition to prison officials my mandatory release (MR) date was corrected to 09-25-01. After the District Attorney's confer-

ence with prison officials my MR was reset back to the acknowledged incorrect date of 10-22-02. I was then intentionally held beyond my correct MR date and forced to file a state habeas action with a hearing date set for May 2, 2002. On May 1, 2002, the State filed a 980 petition claiming my release was within 90 days. On May 2, 2002, the habeas court ordered that my correct MR date of 09-25-01 be reinstated and that I be released. Under challenge to the timeliness of the petition the State claimed that my (continued page 7a)

If you did not exhaust your state remedies on Ground One, explain why.

Ground Two The State Court violated my right to procedural due process when it found that the 980 petition was timely filed.

Supporting **FACTS** *(Briefly summarize the facts without citing cases or law.)*

The State knew when it filed the 980 petition on May 1, 2002, that no release was calculated within 90 days. On May 1, 2002, when the petition was filed, my MR release date was calculated to be November 22, 2002 (over 90 days away), the date my MR was reset to after the DA's office spoke with prison officials. The Milwaukee County DA's office "believed" that on May 2, 2002, Winnebago County Circuit Court Judge Bruce K. Schmidt would grant me habeas relief. The State had effectively and deliberately held me beyond my lawful MR date of September 26, 2001, and forced me to a habeas hearing so that the

(continued page 7a)

Ground One Continued:

legal situation at the time of the filing of the petition to be the same as a previously decided upon situation (Carpenter) and the Court ignored the fact that the State forced me into that (Carpenter) situation thereby receiving an unjust benefit from wrongfully holding me beyond my MR date to gain favor of a previous court decision pertaining to the legal situation the State forced upon me. I aver that illegal detainment cannot be an "otherwise" legal form of detainment for the purpose of filing a 980 petition, especially when agents of the State intentionally create the illegal detainment that results in gaining the State a more favorable legal position.

Ground Two Continued:

State would have that hearing as a basis to claim it acted timely in accordance with a previous court decision (Carpenter) whereby the State created and used a "loophole" that permits the violation of my rights of due process and fairness.

If you did not exhaust your state remedies on Ground Two, explain why.

Ground Three The Court did not apply the laws of Wisconsin and permitted the State to switch from a prior position that the State fought for and received benefit from to a new, contrary position.

Supporting **FACTS** *(Briefly summarize the facts without citing cases or law.)*

In 1976, I was placed unnder Wisconsin's then Sex Deviate Commitment for the offenses of rape and read-ins. On July 3, 1990, the State granted ma a s.975.11 discharge certifying that I was no longer a danger to the public or suffering from a mental illness requiring treatment for the 1976 convictions of rape and read-ins. Such discharge effectively and completely terminated any further incarceration, supervision or legal holdings over me by the State for the 1976 rape conviction and read-ins. In 1996 the State averred that for my rape and murder "the charges were clearly distinct in both their legal elements and factual underpinnings," that " the charges to which [I] plead guilty were separate and distinct crimes," and that "recognition that the sexual assault (continued page 8a)

If you did not exhaust your state remedies on Ground Three, explain why.

Ground Three Continued:

and homicide in Purifoy's case were separate, and thereforem not the same offense" with the State thereby prevailing be the position that the consecutive imposition of sentencing for charges that arose of the same course of conduct was not from both charges being sexually based. Because if the State had taken the position then that it is taking now, that the homicide was sexually related to the rape, then the prison sentence could not have been imposed consecutive to the commitment.

Also, the State changed its 1990 position claiming that I am now a danger to the public and suffer a mental illness in need of treatment for the 1976 rape conviction and read-ins; and although I've done nothing to call into question the viability and virtue of the treatment I did receive and the validity of the subsequent s.975.11 discharge, the Court invalidated the discharge determination on the basis that the then sex offender treatment was substandard to today's quality of care, and then, having traversed the discharge, used pre-discharge treatment notations to substantiate the State's claim of current mental illness.

I aver that my earning of a s.975.11 discharge is a substantive liberty and property right that can only be negated by some criminal act I commit subsequent

(continued page 8b)

Ground Three Continued:

to the discharge, and until such time I am entitled to the protection of both state federal constitutions with regard to such liberty and property rights.

At the time of the filing of the 980 petition I was not serving a sentence that was imposed for a conviction of a sexually violent offense or related thereto. It is violative of my substantive and procedural due process rights for the Court to allow the State to change positions it sought and received benefits from to contrary positions that operate to revive a completed rape conviction and prosecute me a second time for the same offense and read-ins that were to be used only for the purpose of the 1976 sentencing.

GROUNDS FOR RELIEF - *continued*

Ground Four The evidence was insufficient as a matter of Due Process because the State did not prove that I was dangerous at the time the Court entered its verdict.

Supporting **FACTS** *(Briefly summarize the facts without citing cases or law.)*

The record shows that I controlled my behavior sufficiently to avoid any sexually violent behavior from the time of the 1990 discharge as well as from 1976 to present. The record contains no evidence that I had difficulty controlling my sexual behavior. The expert testimony and Court's conclusion is based primarily on mental health history, prior to my 1976 convictions and specifically "at the time he was regularly commiting sexual assaults." By completely ignoring the factual intervention of the State since then which culminated in the State determining that I was not a danger to society and not in need of treatment, the Court denied me both substantive and procedural due process protections of the state and federal Constitutions.

If you did not exhaust your state remedies on Ground Four, explain why. (contniued page 9a)

PRIOR FEDERAL CHALLENGES

A. Have you previously filed any type of petition, application, or motion **in a federal court** regarding the state conviction that you are challenging in this petition?

☐ Yes ☒ No

If yes, attach the decision(s) that resolved your prior federal court challenge and answer the following questions:

1. Name of court __________

Ground Four Continued:

It shocks the conscience to suppose that someone who has not committed an act of sexual violence since being a teenager 29 years ago, and who has not committed any crimes in 22 years, is much more likely than not to engage in sexually violent acts in the future because of a sexual assault history created 29 years ago.

Where the later in time governs the earlier in time; the Court overstepped procedural safeguards in choosing only the earlier in time treatment notes to form its conclusion (treatment notes which expressed the need for the treatment I was then undergoing) but completely ignored the later in time discharge report which expressed how I had achieved successful completion of the purpose for the treatment. It is wholly prejudicial to grant the presumption of correctness to the State for its earlier in time statements of a need for treatment and a danger to the public, but to deny the same presumption of correctness to the State for its later in time statements of no longer needing treatment and no longer being a danger to the public. And in so doing the Court denied be both substantive and procedural due process rights.

Ground Five:

The Court prohibited my attorney from raising issues of law and interfered with counsel's ability to conduct defense.

Supporting Facts:

After the Court delivered the interdictory statement that issues not pertaining to the merits of the "allegations in the petition." "appear to an outsider like a game of Chutes and Ladders, and I think that whenever we get into something that looks like gamesmanship, we know we've drifted from the real merits of what we are asked to do," my counsel would not raise my other issue of how 980 proceedings violate plea agreement stating that "the judge has set bounds on what I can do."

## PRIOR FEDERAL CHALLENGES - *continued*

2. Docket or case number ______________________________

3. Date of filing ______________________________

4. Type of petition, application, or motion filed ______________________________

5. Grounds raised ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

7. Result ______________________________

8. Date ______________________________

9. Did you appeal the action taken on your first federal petition, application, or motion to a federal court of appeals?

☐ Yes ☐ No

If yes, attach the decision(s) that resolved your appeal and answer the following questions:

a. Name of court ______________________________

b. Docket or case number ______________________________

c. Date of filing ______________________________

d. Type of petition, application, or motion filed ______________________________

e. Grounds raised ______________________________

______________________________

______________________________

______________________________

PRIOR FEDERAL CHALLENGES - *continued*

f. Result ______________________

g. Date ______________________

B. Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes ☐ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari ______________________

2. Grounds raised ______________________

3. Result ______________________

4. Date ______________________

## V. REPRESENTATION

A. Give the name and address of each attorney who represented you in the following:

1. At preliminary hearing Samantha Humes, State Bar #1037946
State public Defender, 819 N. 6th St. Room 908, Milw, WI 53203

2. At arraignment and plea hearing Samantha Humes, id.

3. At trial Samantha Humes, id.

4. At sentencing Samanthta Humes, id.

5. On direct appeal Randall E. Paulson, State Bar #1010266

VI. REPRESENTATION - continued

6. In any state post-conviction proceeding ______________________

7. On appeal from any ruling against you in a state post-conviction proceeding ______________________

VII. REQUEST FOR RELIEF

State exactly what you want the court to do for you.

I ask this court to reverse the judgement and order for commitment, and order denying post-verdict motions, and to remand this cause to the state court with direction to dismiss the petition and discharge me from the commitment.

VIII. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and correct.

Signed this 21st day of August, 2008.

[signature]
Signature of Petitioner

______________________
(Signature of lawyer, if any)

If you are signing the petition and are not the petitioner, state your relationship to the petitioner and explain why the petitioner is not signing this petition.

______________________

COURT OF APPEALS
DECISION
DATED AND FILED

July 3, 2007

David R. Schanker
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. 2004AP1874

Cir. Ct. No. 2002CI1

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE COMMITMENT OF RANDY PURIFOY:

RECEIVED
JUL - 3 2007
Office of State Public Defender
Post-Conviction Division
Milwaukee, WI

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

RANDY PURIFOY,

RESPONDENT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: RICHARD J. SANKOVITZ, Judge. *Affirmed.*

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶1 PER CURIAM. Randy Purifoy appeals a judgment finding him to be a sexually violent person and committing him to institutional care pursuant to

WIS. STAT. § 980.01(7) (2003–04). On appeal, Purifoy challenges the timeliness of the petition seeking his committal as a sexually violent person, the sufficiency of evidence to support the circuit court's factual findings, and the constitutionality of WIS. STAT. ch. 980. We affirm.

*Background*

¶2 In 1976, Purifoy, then sixteen-years-old, raped and murdered Nola Mae R. After his arrest, Purifoy confessed to several other violent sexual assaults and attempted sexual assaults, and to two armed robberies. Purifoy pled guilty to one count of rape and second-degree murder. *See* WIS. STAT. §§ 944.01(1), 940.02 (1973).[1] Purifoy was committed under WIS. STAT. § 975.06 (1975) for an indeterminate amount of time for the rape. Purifoy was sentenced to a consecutive prison term of five to twenty–five years for the murder charge, to commence upon discharge from the WIS. STAT. ch. 975 commitment. Purifoy was hospitalized until mid–1990, when he was discharged from the commitment. He then was transferred to the custody of the Department of Corrections. On May 1, 2002, the State filed a petition alleging that Purifoy was a sexually violent person within the meaning of WIS. STAT. § 980.01(7) (2001–02). The petition further alleged that, "[u]pon information and belief," Purifoy "will be released from the sentence … within 90 days."

[1] The underlying crimes were committed on January 31, 1976. WISCONSIN STAT. § 944.01(1) (1973) was repealed and substantially recreated as WIS. STAT. § 940.225 (1975). *See* 1975 Wis. Laws, ch. 184, § 7, § 5. The statutory changes took effect on March 27, 1976. *See* WIS. STAT. § 990.05 (1975) ("Every law or act which does not expressly prescribe the time when it takes effect shall take effect on the day after its publication.").

*Timeliness of the Petition*

¶3 In a pretrial motion to dismiss, Purifoy argued that the petition was not timely filed. In February 2002, Purifoy had filed a *habeas corpus* petition in Winnebago County circuit court in which he challenged the calculation of the mandatory release date under his 1976 sentence. Purifoy was successful, and the circuit court granted Purifoy fifteen months of additional "good time" credit. *See* WIS. STAT. § 53.11 (1975). After recalculation, Purifoy's mandatory release date became September 26, 2001. The *habeas* court ordered Purifoy's release by May 22, 2002.

¶4 Purifoy correctly states that the WIS. STAT. ch. 980 petition must allege, and the State must prove, that he was within ninety days of discharge or release. WIS. STAT. § 980.02(2)(ag) (2001–02); *see also* ***State v. Thiel***, 2000 WI 67, ¶38, 235 Wis. 2d 823, 837, 612 N.W.2d 94, 100 ("[I]n a trial on a commitment petition filed under WIS. STAT. § 980.02(2), the State bears the burden to prove beyond a reasonable doubt that the petition was filed within 90 days of the subject's release or discharge from a sentence based on a sexually violent offense."). That requirement was satisfied in this case. The *habeas* court ordered that Purifoy be released by May 22, 2002. Thus, the petition, filed on May 1, 2002, correctly alleged that Purifoy was within ninety days of release.[2]

¶5 Purifoy argues that the petition was untimely because it was not filed within ninety days of September 26, 2001. The recalculation of Purifoy's mandatory release date does not render the petition untimely. *See* ***State v.***

[2] The State went on to prove the allegations at trial, and Purifoy does not argue otherwise.



Case 2:08-cv-00722-WEC Filed 08/26/08 Page 20 of 28 Document 1

***Carpenter***, 197 Wis. 2d 252, 274–275, 541 N.W.2d 105, 114 (1995) (The State may rely on the release date calculated when the petition is filed; a subsequent recalculation does not render the petition untimely.); *see also* ***State v. Virlee***, 2003 WI App 4, ¶¶17–18, 259 Wis. 2d 718, 727–728, 657 N.W.2d 106, 111.

*Sufficiency of the Evidence*

¶6 Purifoy first contends that the evidence does not establish that it is substantially probable that he will commit acts of sexual violence.[3] According to Purifoy, the State did not prove that he was any different "from any other person who can be said to pose a risk based on past convictions." Purifoy points to the passage of time since he committed a sex-related crime (over twenty-eight years) or committed any crime (over twenty years).[4] Purifoy claims that the required nexus between his mental disorder and dangerousness is absent from this case. *See* ***State v. Laxton***, 2002 WI 82, ¶22, 254 Wis. 2d 185, 202–203, 647 N.W.2d 784, 793 (A nexus is required "between the mental disorder and the individual's dangerousness. Proof of this nexus necessarily and implicitly involves proof that the person's mental disorder involves serious difficulty for the person to control his or her behavior."). Purifoy discounts the expert testimony cited by the circuit court because it was premised on crimes committed long ago and there was no showing of "any actual deviant behavior in many, many years." According to

[3] Substantial probability was the standard in effect when this petition was filed. *See* WIS. STAT. § 980.02(2)(c) (2001–02) (The State must prove that "[t]he person is dangerous to others because the person's mental disorder creates a substantial probability that he or she will engage in acts of sexual violence."). WISCONSIN STAT. § 980.02(2)(c) (2005–06) now requires the State to prove that "[t]he person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence."

[4] In 1983, Purifoy was convicted of escape while hospitalized at Mendota Mental Health Institute. The WIS. STAT. ch. 980 trial took place in January 2004.

Purifoy, the absence of any conduct since 1976 that shows a desire to engage in sexually violent conduct renders the evidence insufficient as a matter of law. Further, because Purifoy "controlled his behavior sufficiently to avoid sexually any violent behavior from 1976 until the present… no fact finder could reasonably find beyond a reasonable doubt that he presently lacks control over 'sexually dangerous behavior.'"

¶7 Purifoy's contentions boil down to a "recent overt act" argument, and we reject it. In one of the first WIS. STAT. ch. 980 cases, the supreme court held that the State need not establish an overt act in order to establish probable cause of dangerousness when the offender is incarcerated when the petition is filed. *See* ***Carpenter***, 197 Wis. 2d at 275–276, 541 N.W.2d at 114. More recently, the supreme court rejected a constitutional challenge to ch. 980 because "it fails to require a showing of a recent overt act to prove current dangerousness when there has been a break in the offender's incarceration and the offender has been reincarcerated for nonsexual behavior." ***State v. Bush***, 2005 WI 103, ¶21, 283 Wis. 2d 90, 106, 699 N.W.2d 80, 88. In both instances, the Wisconsin supreme court expressly rejected the reasoning used by the Washington supreme court. *See* ***Carpenter***, 197 Wis. 2d at 275–276, 541 N.W.2d at 114 (rejecting the holding of ***In re Young***, 857 P.2d 989 (Wash. 1993)); ***Bush***, 2005 WI 103, ¶¶22–23, 283 Wis. 2d at 106–107, 699 N.W.2d at 88–89 (rejecting the holding of ***In re Albrecht***, 51 P.3d 73 (Wash. 2002)). Purifoy cites to both ***Young*** and ***Albrecht***, and like the supreme court, we reject their rationales. The fact that Purifoy had not committed a sexually violent offense since his conviction in 1976 does not preclude a finding of dangerousness within the meaning of WIS. STAT. § 980.02(2)(c) (2001–02).



Case 2:08-cv-00722-WEC Filed 08/26/08 Page 22 of 28 Document 1

¶8 We review the sufficiency of the evidence in a WIS. STAT. ch. 980 case under the same standard applicable to criminal convictions—that is, whether the evidence viewed most favorably to the State "'is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found [a substantial probability that the person would commit future sexually violent offenses] beyond a reasonable doubt.'" ***State v. Curiel***, 227 Wis. 2d 389, 416–417, 597 N.W.2d 697, 709 (1999) (quoting ***State v. Poellinger***, 153 Wis. 2d 493, 501, 451 N.W.2d 752, 755 (1990)). The standard of review is identical whether a jury or the circuit court acts as the fact finder. *See* ***State v. Kienitz***, 221 Wis. 2d 275, 301–302, 585 N.W.2d 609, 619–620 (Ct. App. 1998). We will not reverse a WIS. STAT. ch. 980 commitment unless the evidence, viewed most favorably to the State and the commitment, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found the defendant to be a "sexually violent person" beyond a reasonable doubt. *See* ***State v. Marberry***, 231 Wis. 2d 581, 593, 605 N.W.2d 612, 619 (Ct. App. 1999).

¶9 With those principles in mind, we turn to the Record and the circuit court's findings. In its decision, the circuit court reviewed the nature of the underlying crimes, including Purifoy's confession to several additional violent sexual assaults of strangers for which he was not convicted. The circuit court discussed Purifoy's institutional record, both while committed under WIS. STAT. ch. 975 and while incarcerated. The circuit court found that while in the Mendota Mental Health Institute, Purifoy "struck up a sexual relationship with a night shift aide," leading to the aide's resignation, their eventual marriage, and the birth of a child, despite an official ban on conjugal relations. The circuit court found that

prison conduct reports showed that Purifoy had a "short temper and a sharp tongue."

¶10 The circuit court acknowledged "considerable debate" at trial about whether Purifoy had completed sex offender treatment. It was undisputed that Purifoy refused sex offender treatment in prison, because he claimed to have completed treatment while committed. The circuit court found, however, that the "programming" that Purifoy received while committed "is not the equivalent of … 'sex offender treatment.'" The circuit court noted that Purifoy's expert concluded that the programs offered during the WIS. STAT. ch. 975 commitment "were not comprehensive sexual offender treatment programs … that would be consistent with today's standards in terms of treatment content and structure." The circuit court further noted that treatment notes from those programs showed that Purifoy "did not meaningfully participate" and that Purifoy's belief that his mental disorder was under control was "naïve."

¶11 All three experts testified that Purifoy currently had a mental disorder, namely, unspecified paraphilia, with an Antisocial Personality Disorder. Each expert described Purifoy as psychopathic. The experts further agreed that Purifoy's mental disorder predisposed him to future acts of sexual violence. The experts disagreed, however, on whether Purifoy's mental disorder rendered him dangerous to others because it created a substantial probability that he will engage in future acts of sexual violence.

¶12 After reviewing the bases for each expert's opinion, the circuit court stated that it was "persuaded" by the two experts who opined that Purifoy was sexually deviant and posed a substantial probability of reoffense. The circuit court stated that:

> Their evaluations establish that Mr. Purifoy was aroused by deviant sexual preferences at the time he committed the string of offenses that led up to his conviction. The repeated nature of the offenses, the arousal to anger, the particular [*modus operandi*] he used in most of the incidents—total strangers intercepted on the street and forced with a weapon to submit to penis–vagina intercourse—deviates substantially from normal sexual arousal, or even what might be called normative for sex offenders.

¶13 The circuit court concluded that Purifoy was "a sexually violent person because at the time he was regularly committing sexual assaults he was highly psychopathic and also sexually deviant." The circuit court noted that "sexually deviant psychopaths present a much higher risk of sexual violence than is presented by other sex offenders." Further, the circuit court found that "despite the passage of time since his offenses," Purifoy's character had not changed "materially." In this regard, the circuit court referred to Purifoy's high scores on an instrument designed to measure current, not past psychopathology, "his lack of remorse for his victims, his teeming anger, his manipulation of the truth and the rules in order to avoid sex offender treatment and to carry on an illicit sexual relationship in a state mental health facility."

¶14 The circuit court's factual findings are supported by sufficient evidence in the Record. Therefore, Purifoy's appellate challenge fails.

*Constitutional Challenge*

¶15 Lastly, Purifoy argues that WIS. STAT. ch. 980 is unconstitutional because it "lacks a temporal context for predicting future dangerousness." Purifoy contends that the statute "has no requirement that the dangerousness be imminent" and "[t]his lack of a temporal context violates due process." We rejected this



Case 2:08-cv-00722-WEC Filed 08/26/08 Page 25 of 28 Document 1

argument in ***State v. Olson***, 2006 WI App 32, ¶1, 290 Wis. 2d 202, 204–205, 712 N.W.2d 61, 63.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2005-06).

OFFICE OF THE CLERK
Supreme Court of Wisconsin
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

RECEIVED
SEP 14 2007
Office of State Public Defender
Post-Conviction Division
Milwaukee, WI

September 13, 2007

**To:**

Hon. Richard J. Sankovitz
Milwaukee County Circuit Court Judge
821 W. State St.
Milwaukee, WI 53233

John Barrett
Milwaukee County Clerk of Circuit Court
821 W. State Street, Rm. 114
Milwaukee, WI 53233

Karen A. Loebel
Asst. District Attorney
821 W. State St.
Milwaukee, WI 53233

Randall E. Paulson
Asst. State Public Defender
735 N. Water St., #912
Milwaukee, WI 53202-4116

Eileen W. Pray
Asst. Attorney General
P.O. Box 7857
Madison, WI 53707-7857

You are hereby notified that the Court has entered the following order:

---

No. 2004AP1874 State v. Purifoy L.C.#2002CI1

A petition for review pursuant to Wis. Stat. § 808.10 having been filed on behalf of respondent-appellant-petitioner, Randy Purifoy, and considered by this court;

IT IS ORDERED that the petition for review is denied, without costs.

---

David R. Schanker
Clerk of Supreme Court

OFFICE OF THE CLERK
**WISCONSIN COURT OF APPEALS**
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
Facsimile (608) 267-0640
Web Site: www.courts.state.wi.us

**DISTRICT I**

October 2, 2002

*To*:

Hon. Richard J. Sankovitz
Safety Building
821 W. State St.
Milwaukee, WI 53233

John Barrett, Circuit Court Clerk
Criminal Appeals Processing
Safety Bldg., 821 W. State St., Rm. 114
Milwaukee, WI 53233

Eileen W. Pray
Asst. Attorney General
P.O. Box 7857
Madison, WI 53707-7857

Gerise M. Hooks
Asst. District Attorney
949 N. 9th St.
Milwaukee, WI 53233

Samantha Jeanne Humes
Asst. State Public Defender
819 North 6th Street, 9th Floor
Milwaukee, WI 53203

You are hereby notified that the Court has entered the following opinion and order:

---

02-2213-LV In re the Commitment of Randy Purifoy: State of Wisconsin v. Randy Purifoy (L.C. #02-CI-000001)

Before Fine, Schudson and Curley, JJ.

Randy Purifoy petitions the court for leave to appeal a nonfinal circuit court order. Specifically, Purifoy wishes to appeal a circuit court order denying his motion to dismiss a ch. 980 petition filed against him on the grounds that the State did not timely file its petition. The State has filed a response opposing Purifoy's petition.

Upon review of the petition, the response, and the materials submitted by the parties, the court concludes that the petition does not meet the criteria for permissive appeal. *See* WIS. STAT. § 808.03(2) (1999-2000). Specifically, the court is not convinced that granting the petition would materially advance termination of this litigation, clarify an issue of general importance in this case or in Wisconsin law, or protect Purifoy from irreparable injury.

IT IS ORDERED that the petition for leave to appeal is denied.

IT IS FURTHER ORDERED that Purifoy's request for a stay of circuit court proceedings is denied.

---

*Cornelia G. Clark*
*Clerk of Court of Appeals*